**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Overton Wayne PAULEY,**
**Defendant–Appellant.**

No. 00–4359.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 25, 2002.

Decided April 22, 2002.

Opinion on Rehearing Filed
Sept. 18, 2002.

**336**

**ARGUED:** David Robert Bungard, Robinson & McElwee, L.L.P., Charleston, West Virginia, for Defendant–Appellant. John Castle Parr, Assistant United States Attorney, Huntington, West Virginia, for Plaintiff–Appellee. **ON BRIEF:** Rebecca A. Betts, United States Attorney, Stephanie Taylor, Student Intern, Huntington, West Virginia, for Plaintiff–Appellee.

Before WIDENER and GREGORY, Circuit Judges, and CYNTHIA HOLCOMB HALL, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Prior panel opinion modified and district court judgment affirmed by published PER CURIAM opinion.

## OPINION

PER CURIAM.

Overton Wayne Pauley was indicted for and convicted of a drug offense. He appealed his conviction and we vacated and remanded in part and affirmed in part, by published opinion. *United States v. Pauley*, 289 F.3d 254 (4th Cir.2002). We now grant appellee's petition for rehearing and, after having had the benefit of briefing and dispensing with oral argument, modify our prior opinion, in light of the United States Supreme Court decision in *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), so as to affirm the sentence that we previously vacated.

Under the standard of "plain error" appellate review set forth by the Supreme Court in *Cotton*, we are required to affirm the district court's original sentence where, as here, there is "overwhelming" and "essentially uncontroverted," *Cotton*, 535 U.S. at ——, 122 S.Ct. at 1786, evidence of the defendant's participation in a drug crime involving at least as great a drug quantity as is required to support the relevant § 841(b)(1) sentence maximum. The district court sentenced Pauley to 40 years imprisonment, the statutory maximum authorized by § 841(b)(1)(B). Section 841(b)(1)(B) is triggered by either 5 grams or more of methamphetamine or 50 grams or more of a mixture containing a detectable amount of methamphetamine. Because there was overwhelming and unconverted evidence that Pauley participated in a drug crime involving at least 56 grams of methamphetamine, and Pauley's sentence did not exceed the maximum allowable under § 841(b)(1)(B), we affirm his original sentence.

We leave our prior panel opinion intact in all other respects.

*It is so ordered.*