UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                             No. 02-4869

CHRISTOPHER HAGER,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, District Judge.
(CR-02-120)

Submitted: May 30, 2003

Decided: June 17, 2003

Before WIDENER, TRAXLER, and GREGORY, Circuit Judges.

___

Affirmed by unpublished per curiam opinion.

___

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Legal Research and Writing Specialist, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Michael H. Spencer, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

___

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Christopher Hager pled guilty to conspiracy to distribute oxycodone, 21 U.S.C. § 846 (2000), and was sentenced to a term of thirty-seven months imprisonment, three years of supervised release, and a fine of $1000. Hager's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising three issues, but asserting that, in his view, there are no meritorious issues for appeal. Hager has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm the conviction and sentence.

On May 8, 2002, Hager delivered 50 Alprazolam tablets, 298 Hydrocodone tablets, 50 Diazepam tablets, and 115 Oxycodone tablets to two undercover officers in return for $6950. The transaction was arranged by Hager's mother, Tammy White, and Hartford Sellers, both co-defendants. Because Sellers is hard of hearing, Hager accompanied him from North Carolina to West Virginia, where the sale took place, and made the actual sale. After Hager's and Sellers' arrests, an inventory search of Sellers' car resulted in the seizure of similar tablets and a loaded pistol from the console of the vehicle. In all, the equivalent of 26.43 kilograms of marijuana was seized. Hager gave a statement to the police detailing his knowledge of his mother's and Sellers' drug activity over the preceding year. He also stated that he knew Sellers always carried a firearm in his car for protection.

Hager, White, and Sellers were sentenced at one combined sentencing hearing. Hager testified concerning drug quantities, but his testimony was inconsistent with his prior statement in that he minimized the amount of drug activity he had observed by White and Sellers. He also said that he knew Sellers owned a gun, but did not know it was in the car on the day of their arrest. As a result of Hager's testimony, the district court reduced the quantity of drugs attributable to each of the defendants, finding that the government could not prove

by a preponderance of the evidence the amounts initially proposed. The court relied on Hager's post-arrest statement to find that Hager knew Sellers would have a gun with him. Therefore, the court found that the presence of the firearm was reasonably foreseeable to Hager and he had constructively possessed it in furtherance of the conspiracy. *See U.S. Sentencing Guidelines Manual* § 5C1.2, comment. (n.4) (2001). In consequence, the court gave Hager a two-level enhancement pursuant to USSG § 2D1.1(b)(1), and denied him a reduction under the safety valve provision in § 2D1.1(b)(6). The court also determined that Hager was not entitled to an adjustment for acceptance of responsibility because of his evasive and untruthful testimony at sentencing and his continued drug use while on pretrial release. USSG § 3E1.1.

In the *Anders* appeal, appellate counsel suggests that the court may have erred in making the firearm enhancement, denying Hager the safety valve reduction, and denying him an adjustment for acceptance of responsibility. We conclude that the district court did not clearly err in making any of the challenged fact findings. *See United States v. Kimberlin*, 18 F.3d 1156, 1160 (4th Cir. 1994) (co-defendant's possession of firearm in furtherance of conspiracy is attributable to defendant as relevant conduct if its presence was reasonably foreseeable to him); *United States v. Wilson*, 114 F.3d 429, 432 (4th Cir. 1997) (where defendant has possessed firearm in furtherance of conspiracy, USSG § 5C1.2 criteria are not met); *United States v. Pauley*, 289 F.3d 254, 261 (4th Cir.), *modified*, 304 F.3d 335 (2002) (defendant's attempt to minimize involvement may be inconsistent with acceptance of responsibility), *cert. denied*, 123 S. Ct. 1007 (2003); *United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993) (continued criminal conduct, including drug use, while on pretrial release may be basis for denial of acceptance of responsibility).

Pursuant to *Anders*, we have reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*