UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

STEVEN LAVOUR TWITTY,
            *Defendant-Appellant.*

No. 99-4804

On Remand from the United States Supreme Court.
(S. Ct. No. 00-5760)

Submitted: September 4, 2003

Decided: September 12, 2003

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

---

Vacated by unpublished per curiam opinion.

---

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. J. Rene Josey, United States Attorney, Marshall Prince, Assistant United States Attorney, Ann Agnew Cupp, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In 1998, Steven Twitty was indicted on two counts of possession with intent to distribute and distribution of "quantities of" cocaine and cocaine base. He pled guilty pursuant to a plea agreement to one count of the indictment. The indictment did not refer to a specific amount of drugs.

The presentence report held Twitty responsible for selling over 1.5 kilograms of crack cocaine. Twitty objected to this quantity and moved to withdraw his guilty plea, arguing that under the Supreme Court's intervening decision in *Jones v. United States*, 526 U.S. 227 (1999), the drug quantity should have been charged in the indictment and proved at trial. The district court denied the motion. Twitty was sentenced to 500 months' imprisonment followed by five years of supervised release.

On appeal Twitty argued, relying on *Jones*, that the district court erred in holding that the Government was not required to charge drug quantity as an element of the offense. This court, citing cases from four other circuits, held that the reasoning in *Jones* did not extend to 21 U.S.C.A. § 841(b) (West 1999 & Supp. 2003). Our opinion was issued on May 23, 2000. On June 26, 2000, the Supreme Court held, in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court granted Twitty's petition for certiorari and remanded the case for reconsideration in light of *Apprendi*. The parties have filed supplemental briefs.

"*Apprendi* dictates that in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold drug quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense, i.e., charged in the indictment and proved to the jury beyond a reasonable doubt," *United States v. Promise*, 255 F.3d 150, 156-57 (4th Cir. 2001) (footnotes omitted), or admitted in a guilty plea. *United States*

*v. Pauley*, 289 F.3d 254, 262 (4th Cir.), *modified on other grounds on reh'g*, 304 F.3d 335 (4th Cir. 2002), *cert. denied*, 123 S. Ct. 1007 (2003). Here, Twitty's 500-month sentence violates *Apprendi* because the indictment charged an unspecified quantity of drugs and, under 21 U.S.C. § 841(b)(1)(C), he was subject to a maximum sentence of twenty years. *See Promise*, 255 F.3d at 156.

In raising this issue before sentencing, Twitty timely objected to the error. Because he invoked *Jones* and contended that drug quantity should have been charged in the indictment, the objection was sufficient to preserve the issue. *See United States v. Mackins*, 315 F.3d 399, 406-07 (4th Cir.), *cert. denied*, 123 S. Ct. 2099 (2003). "If a defendant has made a timely and sufficient *Apprendi* sentencing objection in the trial court, and so preserved his objection, we review de novo. . . . In such circumstances, we must reverse unless we find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." *Id.* at 405 (citations omitted).

The Government can meet this burden by proving, "beyond a reasonable doubt, that [the error] did not affect [the defendant's] substantial rights." *Id.* at 409. A sentence for a drug offense that violates *Apprendi* because it exceeds the twenty-year maximum of 21 U.S.C. § 841(b)(1)(c) does affect a defendant's substantial rights. *Promise*, 255 F.3d at 160. Thus, because Twitty's 500-month sentence exceeded the twenty-year statutory maximum for the single count of conviction, the *Apprendi* error affected his substantial rights and resentencing is required.

Accordingly, we vacate Twitty's sentence and remand for imposition of a sentence that does not exceed the twenty-year maximum of § 841(b)(1)(C). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED*