UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MARGARITO ALTAMIRANO
COVARRUBIAS,

*Defendant-Appellant.*

No. 03-4400

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca Beach Smith, District Judge.
(CR-02-132)

Submitted: October 31, 2003

Decided: November 14, 2003

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

David W. Bouchard, Chesapeake, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Janet S. Reincke, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Margarito Altamirano Covarrubias pled guilty to distribution of two kilograms of cocaine on May 15, 2002, in violation of 21 U.S.C. § 841 (2000), and was sentenced to a term of ninety-seven months imprisonment. Covarrubias appeals his sentence, arguing that the district court clearly erred in finding that he had failed to accept responsibility for his offense, *U.S. Sentencing Guidelines Manual* § 3E1.1 (2002), and that he was not a minor participant. USSG § 3B1.2. We affirm.

Covarrubias sold two kilograms of cocaine to Terrence Jernigan in Portsmouth, Virginia, on May 3, 2002, and returned on May 12, 2002, to collect the remainder of Jernigan's payment. Jernigan recognized the green Lincoln town car Covarrubias was driving as one previously used by his regular Mexican source in Atlanta, and Jernigan had seen Covarrubias with "Tomas," who worked for the source, when he was in Atlanta in April 2002. On May 3, by telephone, Tomas relayed directions from Jernigan to Covarrubias as to where to meet him. When Covarrubias delivered the two kilograms, Jernigan thought the cocaine was coming from his Atlanta source, but the source later denied sending it, and told Jernigan not to deal with Covarrubias. On May 15, 2002, Covarrubias distributed another two kilograms of cocaine to Jernigan. They were both arrested the same day. Jernigan cooperated with authorities.

Covarrubias entered a guilty plea to the May 15 distribution, but initially denied making the May 3 sale to Jernigan. He subsequently admitted picking up money from Jernigan on May 12, but said he only did it as a favor to Tomas, a friend from his home town in Mexico, and to earn a little extra money. The day before he was sentenced, faced with the government's intention to present two witnesses, Covarrubias admitted making the May 12 distribution to Jernigan. He continued to deny that he knew Tomas' last name and professed not to recognize the phone number of a person who called his cell phone every fifteen or twenty minutes during the night following his arrest.

Under USSG § 3E1.1, a defendant may be given a two- or three-level reduction in offense level if he demonstrates by a preponderance

of the evidence that he has accepted responsibility for his offense. The defendant has the burden of proof in this matter, *United States v. Harris*, 882 F.2d 902, 907 (4th Cir. 1989), and the district court's determination is reviewed for clear error. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999).

One important consideration for the district court is whether the defendant has "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den-[ied] any additional relevant conduct . . . ." USSG § 3E1.1, comment. (n.1(a). "A defendant may remain silent in respect to relevant conduct beyond the offense of conviction . . . . However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id.*; *United States v. Pauley*, 289 F.3d 254, 261 (4th Cir.), *modified*, 304 F.3d 335 (4th Cir. 2002), *cert. denied*, 123 S. Ct. 1007 (2003). Even for a two-level adjustment, the timeliness of the defendant's admission of responsibility is a factor the sentencing court may consider. *United States v. Jones*, 31 F.3d 1304, 1315 (4th Cir. 1994).

Covarrubias argues that he was entitled to the adjustment because he fully acknowledged his responsibility for both the May 3 and May 15 distributions, although his complete admission was not timely. He contends that he was not required to admit relevant conduct beyond the offense of conviction, the May 15 transaction, to earn the adjustment and, therefore, his timely partial admission was enough. However, the district court could take into account Covarrubias' failure to make a timely admission of all his relevant conduct, as well as his persistent refusal to provide information about Tomas or to identify the person who called him repeatedly after his arrest. The district court did not clearly err in finding that Covarrubias' conduct was inconsistent with acceptance of responsibility.

The district court's determination of the defendant's role in the offense is also a factual determination that is reviewed for clear error. *United States v. Sayles*, 296 F.3d 219, 224 (4th Cir. 2002). Covarrubias contends that he was only a courier doing a favor for Tomas to earn a little extra money. However, he did not simply transport cocaine, he sold it to Jernigan. A drug seller in a drug conspiracy is

not a minor participant. *United States v. Brooks*, 957 F.2d 1138, 1149 (4th Cir. 1992). Therefore, the district court did not clearly err in finding that Covarrubias was not a minor participant.

   We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*