UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 03-4504

KENITH TONEY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, District Judge.
(CR-02-299)

Submitted: October 29, 2003

Decided: December 23, 2003

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Richard M. Gunnoe, ZIEGLER & GUNNOE, Hinton, West Virginia, for Appellant. Kasey Warner, United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Kenith Toney pled guilty to distribution of more than five grams of cocaine base (crack), 21 U.S.C. § 841 (2000), and was sentenced to a term of 168 months imprisonment. He contests the district court's determination that he failed to accept responsibility for his conduct under *U.S. Sentencing Guidelines Manual* § 3E1.1 (2002). We affirm.

Immediately following his arrest, Toney made a statement to the investigating officers in which he said he had made one or two trips a month from Ohio to West Virginia over the previous six or seven months, each time bringing two or three ounces of crack with him to sell, and making a profit of five or six thousand dollars on each trip. Some months later, when he was interviewed by the probation officer, Toney said he had lied to the officers, and that he had never before sold crack in West Virginia. The district court determined that Toney's first statement was the more reliable one, while his second statement was intended to minimize his exposure. Because the district court found that Toney had not provided truthful information to the probation officer, the court denied him an adjustment for acceptance of responsibility.

A defendant need not divulge relevant conduct outside the offense of conviction, but "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1, comment. (n.1(a)); *United States v. Pauley*, 289 F.3d 254, 261 (4th Cir.), *modified*, 304 F.3d 335 (4th Cir. 2002), *cert. denied*, 123 S. Ct. 1007 (2003). Because the district court found that Toney had not truthfully acknowledged the extent of his criminal conduct in his statement to the probation officer, we conclude that the district court did not clearly err in denying him the adjustment. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999) (stating standard of review).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*