**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

RAYMOND SAUNDERS,
  *Defendant-Appellant.*

No. 03-4570

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Norman K. Moon, District Judge.
(CR-02-10100)

Submitted: December 18, 2003

Decided: January 22, 2004

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Terry N. Grimes, TERRY N. GRIMES, ESQ. P.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, S. Randall Ramseyer, R. Lucas Hobbs, Assistant United States Attorneys, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Raymond Saunders pled guilty to conspiracy to commit mail fraud, wire fraud, and money laundering, 18 U.S.C. § 371 (2000), and to one count of each substantive offense. He received concurrent sentences of thirty-three months imprisonment on each count. Saunders contends on appeal that the district court clearly erred in giving him an adjustment under *U.S. Sentencing Guidelines Manual* § 3C1.1 (2002), after finding that he attempted to obstruct justice, and in denying him an adjustment for acceptance of responsibility under USSG § 3E1.1. We affirm.

For over a year, Saunders' son and co-defendant, Jermal Word, advertised items for sale on eBay and collected money from the buyers by check or wire transfer, but never delivered any merchandise. To avoid detection, he began advertising under other names, including Saunders' name. Before Saunders pled guilty, he sent a letter to his son. He said he had told the authorities that, "I don't know nothing about this stuff," and "I told them that you would say I didn't know nothing about it . . . ." Saunders was already serving time for a state conviction. He added in the letter, "So please tell them that I can't handle any more time. I've got enough to do . . . . I really need you to cut me loose this time." At the sentencing hearing, Word testified that his father had asked to be included in the fraud scheme and had negotiated four monetary instruments in return for part of the proceeds. Saunders testified that he had believed he was assisting his son in a legitimate business. He admitted negotiating only two monetary instruments. The district court determined that Saunders had attempted to obstruct justice by asking Word to conceal his involvement in the fraud. The court also found that he had not accepted responsibility for his criminal acts.

Although Saunders contends on appeal that his guilty plea was sufficient to earn him an adjustment for acceptance of responsibility, a guilty plea does not entitle a defendant to the adjustment. *United States v. Pauley*, 289 F.3d 254, 261 (4th Cir.), *modified*, 304 F.3d 335, 336 (4th Cir. 2002), *cert. denied*, 537 U.S. 1178 (2003). The sentencing court may find, as occurred here, that a defendant's denial of

relevant conduct that the court determines to be true is inconsistent with acceptance of responsibility. *Id.* We conclude that the court did not clearly err in so finding. Moreover, only in an extraordinary case may a defendant receive adjustments for both obstruction of justice and acceptance of responsibility. USSG § 3E1.1, comment. (n.4). This is not such a case. Further, Saunders asserts that, in the letter to his son, he merely asked that Word describe truthfully his limited involvement in the fraud. We cannot say that the district court clearly erred in deciding that, to the contrary, Saunders intended to obstruct justice.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*