# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                          No. 03-4136

KEVIN RYAN ROBINSON,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron McGowan Currie, District Judge.
(CR-01-1148)

Submitted: January 30, 2004

Decided: March 1, 2004

Before WIDENER, TRAXLER, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

David Bruce Betts, Columbia, South Carolina, for Appellant. James Strom Thurmond, Jr., United States Attorney, Dean Arthur Eichelberger, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kevin Ryan Robinson pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343 (2000). He was sentenced to 57 months in prison. Robinson now appeals. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising three grounds for relief but stating that, in his opinion, there are no meritorious issues for review. Robinson has filed a pro se supplemental brief. We affirm.

I.

The Homes of the C.S.R.A., Inc. (CSRA), was a South Carolina corporation that sold manufactured housing and operated under several names. Robinson was one of several CSRA employees indicted for wire fraud. The purpose of the fraud was to make it appear that unqualified customers were qualified to receive loans to buy homes, and thereby to facilitate CSRA's sale of more homes. Falsified financial information was sent to various out-of-state lenders by facsimile. Typically, the facsimiles included bogus information about a purchaser's employment and income. Often, information faxed to lenders significantly overstated the amount of a down payment that a purchaser had made.

After four days of trial, Robinson agreed to plead guilty to Count Thirteen of the indictment, which charged him with wire fraud in connection with a sale of a home to Arthur Tyler. At Robinson's Fed. R. Crim. P. 11 hearing, the Assistant United States Attorney (AUSA) summarized the transaction. A document that was transmitted to a lender represented that Tyler paid $9148.23 as a down payment, when in reality Tyler had paid only $2000. Additionally, the document gave false job information about Tyler. Robinson instructed a salesman, Roger Casteal, to insert the bogus job information.

Robinson informed the court that the AUSA had correctly summarized the transaction. He specifically admitted that he signed off on the documents knowing that the information about Tyler's down pay-

ment and employment was false and knowing that the lender would rely on this false information when considering the loan application.

Robinson's probation officer prepared a presentence report that calculated an offense level of 23 and a criminal history category of III, for a resulting guideline range of 57-71 months. Robinson was subject to a statutory maximum of five years, and his guideline range became 57-60 months. He received a 57-month sentence.

## II

None of the claims raised in the *Anders* brief has merit. First, the district court fully complied with Fed. R. Crim. P. 11. Second, the district court did not clearly err in increasing Robinson's offense level by two levels for obstruction of justice. *See U.S. Sentencing Guidelines Manual* § 3C1.1 (1997). In this regard, we note evidence that Robinson recruited several women to set up phone lines in their homes and verify bogus employment and income information when lenders called to confirm information in loan applications. One of these women testified at trial that Robinson, after apparently learning that authorities were investigating the scheme, instructed her to disconnect the phone lines and to destroy all incriminating records.

Third, the district court did not clearly err in refusing to give Robinson an adjustment for acceptance of responsibility. *See* USSG § 3E1.1. Although Robinson admitted involvement in the Arthur Tyler transaction, he subsequently denied all involvement with bogus employment information. Robinson thus "falsely denie[d], or frivolously contest[ed], relevant conduct that the court [had] determine[d] to be true," and he was not entitled to the deduction. *See United States v. Pauley*, 289 F.3d 254, 261 (4th Cir.), *modified*, 304 F.3d 335 (4th Cir. 2002), *cert. denied*, 537 U.S. 1178 (2003).

## III

In his pro se brief, Robinson frivolously disavows involvement in fictitious job verifications and in the Arthur Tyler transaction. Additionally, he claims that the amount of loss attributed to him was inaccurate. Our review of the record discloses that the district court did

not clearly err in finding that the amount of loss attributable to Robinson was $993,792.16. *See* USSG § 2F1.1(b)(1); *United States v. Castner*, 50 F.3d 1267, 1274 (4th Cir. 1995). In arriving at this figure, the court considered a list of fifty fraudulent transactions in which Robinson was involved. In each case, the loan was in default, and the home was repossessed and sold. The loss for each house identified on the list was the principal balance less the sale price of the home, with some other minor adjustments. The court observed that the list was conservative as it did not represent all the fraudulent transactions with which Robinson was involved, but instead only those loans that were in default.

## IV

We accordingly affirm Robinson's conviction and sentence. In accordance with *Anders*, we have examined the entire record and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*