**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4954

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN LAVOUR TWITTY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, District Judge.  (CR-98-826)

Submitted:  January 31, 2006      Decided:  February 28, 2006

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Jonathan S. Gasser, United States Attorney, Marshall Prince, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Steven Lavour Twitty appeals following a remand to the district court for resentencing. After considering the issues raised on appeal, and the impact of the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), decided while this case was pending on this appeal, we affirm the sentence imposed by the district court on remand.

Twitty pled guilty to one count of possession with intent to distribute and distribution of an unspecified quantity of cocaine and cocaine base. He received a sentence of 500 months of imprisonment to be followed by five years supervised release. After this court affirmed Twitty's conviction and sentence, the Supreme Court granted certiorari and remanded the case for reconsideration in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). On remand, we concluded that Twitty's sentence "violate[d] Apprendi because the indictment charged an unspecified quantity of drugs and, under 21 U.S.C. § 841(b)(1)(C), he was subject to a maximum sentence of twenty years," citing United States v. Promise, 255 F.3d 150, 156 (4th Cir. 2001). United States v. Twitty, 74 F. App'x 288 (4th Cir. 2003). Therefore, we vacated Twitty's sentence and remanded "for imposition of a sentence that does not exceed the twenty-year maximum of § 841(b)(1)(C)." Id.

On remand, the district court ordered a revised presentence report and held a new sentencing hearing. Twitty

- 2 -

sought to reopen issues raised at the first sentencing that had not been challenged in the first appeal. The district court, after hearing argument from counsel for both sides and from Twitty, concluded that such issues could not be revived on remand for resentencing. The court sentenced Twitty to 240 months of imprisonment to be followed by three years supervised release, with a special assessment of $100.

Twitty appealed the sentence. His attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the propriety of the district court's refusal to reconsider Twitty's objections from his first sentencing, even though they were not raised in the first appeal or discussed in the remand from this court. Twitty filed a pro se supplemental brief, also claiming that legal and factual issues resolved in the first sentencing but not challenged on appeal should have been reconsidered.

The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). "[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so."

<u>United States v. Ben Zvi</u>, 242 F.3d 89, 95 (2d Cir. 2001). Here, Twitty cannot obtain reconsideration of issues he failed to raise in his first appeal. Therefore, the district court was correct in strictly limiting its decision on remand to resentencing on the <u>Apprendi</u> issue.

Twitty also argues that the court should appoint new appellate counsel to argue that current counsel has rendered constitutionally ineffective assistance. Claims of ineffective assistance of counsel generally should be asserted on collateral review rather than on direct appeal, unless proof of the claimed ineffective assistance is apparent on the face of the record. <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997). As this record does not on its face support Twitty's claim that counsel was ineffective, we decline to address it in this appeal.

While this case was pending on appeal, the Supreme Court decided <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005). In <u>Booker</u>, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 543 U.S. at ___, 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence

within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Booker, 543 U.S. at ___, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court). The Supreme Court also reaffirmed its prior holding in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at ___, 125 S. Ct. at 756 (Stevens, J., opinion of the Court).

The parties have filed supplemental briefs addressing the impact of Booker on this case. In his supplemental brief, counsel for Twitty contends generally that the sentence imposed in this case "violates Hughes,"* because it was based on facts found by the district court. Counsel asserts that Twitty did not admit to the drug weight used by the court to calculate Twitty's offense level or to possession of a firearm used by the court to enhance that level. He also asserts that Twitty is entitled to have the district court apply the sentencing factors of 18 U.S.C. § 3553(a), which might result in a sentence less severe than the 240 month sentence imposed on remand. Twitty asserts pro se in this court

---

* United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

- 5 -

that the district court improperly made findings of fact to enhance his sentence.

We need not address Twitty's first claim -- that the district court erred by making findings regarding drug quantity and firearm possession -- because it properly found him to be a career offender pursuant to USSG § 4B1.1. Enhancements based on the fact of prior convictions are excepted from the general holdings in Apprendi, see 530 U.S. at 490, and Booker, 543 U.S. at __, 125 S. Ct. at 756. Therefore, as long as the sentencing court does not look beyond the charging document or certain other limited documents, see Shepard v. United States, 544 U.S. 13, __, 125 S. Ct. 1254, 1263 (2005), to identify whether the prior offenses qualify under the definition of career offender, there is no Sixth Amendment violation. See United States v. Washington, 404 F.3d 834, 841 (4th Cir. 2005).

In this case, the career offender finding was based on the fact that (1) Twitty was over eighteen at the time of the offense of conviction, as he was born in 1969 and the offense occurred in 1998; (2) the current offense was a controlled substance felony, a violation of 21 U.S.C. § 841(b)(1)(C); and (3) Twitty had a prior felony conviction for a controlled substances offense, a 1990 New Jersey conviction for distributing a controlled dangerous substance, and a prior felony conviction for a crime of violence, a 1991 New Jersey conviction for aggravated assault. The

district court could discern from the charging documents that distributing a controlled dangerous substance was a controlled substance offense, and aggravated assault is defined in the guidelines as a crime of violence. USSG § 4B1.2, comment. (n.1). "[T]he Sixth Amendment . . . does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." United States v. Cheek, 415 F.3d 349, 354 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005).

The district court's determination of drug quantity and use of a firearm did not violate the Sixth Amendment because those factors did not affect Twitty's sentence at all. For this § 841(b)(1)(C) conviction, which has a statutory maximum sentence of twenty years, Twitty's career offender offense level is thirty-two, USSG § 4B1.1(C), and his criminal history category is VI. USSG § 4B1.1. These two factors result in a sentencing range of 210-262 months. (USSG Ch. 5, Pt. A (Sentencing Table)). Thus, based solely on the career offender enhancement, Twitty's 240-month sentence did not "exceed the maximum authorized by the facts" that were properly established and not found by the district court, United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005), and therefore did not violate his Sixth Amendment rights. United States v. Collins, 412 F.3d 515, 523-24 (4th Cir. 2005) ("[N]o Booker Sixth Amendment violation occurred here because Collins's

sentence, with the addition of the career offender enhancement, still would have been the same even if the judge had not made the finding as to the drug weight.").

Counsel also claims that Twitty should be resentenced to allow the district court to consider the sentencing factors of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). We construe this claim as a challenge to Twitty's sentencing under the mandatory guidelines regime. While the mandatory application of the guidelines constitutes plain error, United States v. White, 405 F.3d 208, 217 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005), a defendant who seeks resentencing on this ground must show actual prejudice, i.e., a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)). Twitty does not attempt to meet this test and the record does not show that the district court desired to sentence him below the statutory maximum. In fact, at resentencing, the district court, directed by this court to impose "a sentence that does not exceed the twenty-year maximum of § 841(b)(1)(C)," imposed the maximum possible sentence of 240 months. As Twitty cannot show prejudice on this issue, he has failed to establish plain error.

We therefore affirm Twitty's sentence. Within the constraints of the mandate rule, we have, as required by Anders,

- 8 -

reviewed the record and have found no meritorious issues for appeal.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>