**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-5041**

─────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MATEEN J. ABDUL-AZIZ,

            Defendant - Appellant.

─────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Frederick P. Stamp, Jr., Senior District Judge. (1:03-cr-00039-FPS-JSK-1)

─────────

Submitted: June 29, 2009        Decided: July 16, 2009

─────────

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mateen J. Abdul-Aziz appeals from the amended judgment in a criminal case in which he was convicted, based on his guilty plea, of one count of aiding and abetting in the distribution of cocaine base within 1000 feet of a playground, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), 18 U.S.C. § 2 (2006). Counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious arguments for appeal, but raising for the court's consideration, three issues: (1) whether Abdul-Aziz's plea was knowing and voluntary; (2) whether the district court committed plain error by attributing 108 grams of crack cocaine to Abdul-Aziz seized during the Pennsylvania traffic stop; and (3) whether the court committed plain error in sentencing Abdul-Aziz under a mandatory sentencing scheme. Abdul-Aziz filed a pro se supplemental brief raising several issues. The Government has filed a brief.

We have reviewed the record, including the guilty plea colloquy, the sentencing transcript, the plea agreement and the presentence investigation report, and find no meritorious arguments for appeal. The Rule 11 colloquy was proper in all respects and Abdul-Aziz's plea was knowing and voluntary. The district court properly determined Abdul-Aziz was competent to plead and that he knew the ramifications of his plea. During

2

the colloquy, Abdul-Aziz was notified of the statutory sentencing range, the elements of the offense, the effect of the Sentencing Guidelines and the rights he was waiving by virtue of his plea, along with other information necessary in order to have a knowing and voluntary guilty plea. Furthermore, the Government presented a factual basis upon which the court could find Abdul-Aziz was indeed guilty of the offense.

We find no plain error with the district court's adoption of the Presentence Investigation Report's conclusion regarding the amount of crack cocaine for which Abdul-Aziz should be held responsible at sentencing. See United States v. Vonn, 535 U.S. 55, 59 (2002) ("a silent defendant has the burden to satisfy the plain-error rule"). Thus, it is Abdul-Aziz's burden to show (1) error; (2) that was plain; (3) that affected his substantial rights; and (4) that this court should exercise its discretion to notice. United States v. Martinez, 277 F.3d 517, 529 (4th Cir. 2002). Abdul-Aziz knowingly and voluntarily stipulated to the amount of crack cocaine used to reach the base offense level. He withdrew any objection to that amount at sentencing and he had no other objections. In addition, the crack cocaine attributed to Abdul-Aziz for sentencing was clearly relevant conduct. See United States v. Pauley, 289 F.3d 254, 259 (4th Cir. 2002), modified on reh'g, 304 F.3d 335 (4th Cir. 2002). There was no error, much less plain error.

3

We further find no plain error with respect to the mandatory application of the Sentencing Guidelines. See United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005) (holding that, when a United States v. Booker, 543 U.S. 220 (2005), sentencing claim is raised for the first time on appeal, review is for plain error). Based on a review of the record, there is no nonspeculative basis for concluding that the treatment of the Guidelines as mandatory prejudiced Abdul-Aziz. See United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005). Likewise, we find no plain error insofar as the court did not consider the sentencing disparity between crack cocaine and powder cocaine.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal from the conviction. We therefore affirm Abdul-Aziz's conviction. This court requires counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If he requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Abdul-Aziz. Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED